## LANGSTAFF, Appellant, v. CITY OF WEBSTER GROVES, Respondent.

### St. Louis Court of Appeals, February 5, 1907.

**APPELLATE PRACTICE: New Trial: Weight of Evidence.** The ruling of the trial court in granting a new trial on the ground that the weight of evidence was against the verdict, will not be reviewed by the Court of Appeals, when there was abundant evidence to sustain the view that the verdict was wrong.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

AFFIRMED AND REMANDED.

*R. H. Stevens* and *William R. Gentry* for appellant.

*Samuel D. Hodgdon* and *Louis A. Steber* for respondent.

GOODE, J.—Plaintiff recovered against defendant for personal injuries alleged to have been received on account of a defective sidewalk. According to paintiff's

statement, one night in January, 1904, he reached Webster Groves on a street car on which he took passage at Benton, a suburb between St. Louis and Webster Groves. On arriving at Newport avenue in the latter city he left the car and started westwardly to go to his home. It was in the evening and dark. Plaintiff said that as he was walking on the sidewalk he fell off on the south side, which was several feet above the ground and unprotected by a railing, and in consequence of the fall was knocked unconscious by his head striking a rock. While he lay senseless the fingers of one hand were frozen and afterwards had to be amputated. The court granted a new trial, and assigned as one ground for doing so, that the weight of evidence was against plaintiff as to the manner in which his injury was received. It is no use to go further into the matter. Suffice to say there was an abundance of evidence to show plaintiff, instead of falling off a sidewalk, lost his way and that while wandering about or lying in the snow, his fingers were frozen. We cannot review the action of the court below in granting a new trial. The contention of counsel is that the court's ruling in regard to the weight of evidence was arbitrary and unsupported by the record. There is no such absence of testimony in contradiction of plaintiff's version of his misfortune as would warrant us to set aside the court's order. Wherefore the order for a new trial will be affirmed and the cause remanded. All concur.